*Dulaney, Barnett, for appellant.*

---

NORTON STRUNK AND OTHERS *v.* DANIEL DULTON AND WIFE.

**Wills—Testimentary Capacity.**

On account of the testator's extreme age his mental faculties were considerably impaired and he exhibited evidences of a disordered intellect. But on the day of the execution of his will he was sufficiently in possession of his intellectual powers to dictate the provisions of the instrument and sufficiently self possessed to investigate and understand its contents.

APPEAL FROM PULASKI CIRCUIT COURT.

April 28, 1871.

OPINION BY JUDGE LINDSAY:

There is no evidence in this record showing that David Dulton was induced to make the will being contested by reason of undue influence exercised over him by the appellees or their family, nor do we think the circumstances connected with the transaction tend to establish any such conclusion.

The testimony as to the capacity of the testator is conflicting. It seems pretty clear that on account of his extreme age his mental faculties were considerably impaired, and that when conversing upon certain subjects he exhibited evidence of a disordered intellect, and the witnesses generally agree that he was not capable of transacting or attending to business. Still we do not regard the testimony as prepondering in favor of the con-

clusion that at the time the will was made, he did not possess sufficient mental capacity to decide as to what was a proper disposition to be made of his estate.

From the testimony of the draftsman of the paper and of the subscribing witnesses thereto, it is evident that on the day of its execution he was sufficiently in possession of his intellectual powers to dictate the provisions of his will, and sufficiently self-possessed to investigate and understand its contents. Nor do we think the paper upon its face presents intrinsic evidence of want of testimentary capacity upon the part of the testator. It is probable in view of the condition of some of his daughters and grandchildren that a more equitable disposition of his property would have been made, but the will as made is neither irrational nor inexplicable. It seems that ten years prior to the time it was made, and when his mind was unclouded, he had indicated his intention to give all his property to his son, Daniel, and his wife, and that he gave a reason for such intention which if not satisfactory, was certainly a sensible one.

This reason continued to exist up to the time his will was made and doubtless continued to exert a controlling influence over his mind, considering all the evidence in the case, we. are not prepared to disturb the action of the courts below.

Judgment affirmed.

*James, for appellant.*